UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAMMY KIRBY,

      Plaintiff,

      v.                                C-1-04-437

SERTA MATTRESS COMPANY,

      Defendant

## ORDER

    This matter is before the Court upon Plaintiff's Motion to Remand this case to the Court of Common Pleas for Hamilton County, Ohio.  (Doc. 6).  Defendants have filed a memorandum opposing that motion.  (Doc. 9).  For the reasons stated below, the plaintiff's motion to remand is **GRANTED.**

## PROCEDURAL AND FACTUAL HISTORY

    On May 27, 2004, plaintiff, a citizen of Ohio, filed a complaint against defendant in the Hamilton County Court of Common Pleas alleging that she had been discharged in retaliation for filing a worker's compensation claim resulting from injuries she sustained during the course of her employment with defendant. Defendant is an Illinois corporation that also maintains its principal place of business in the State of Illinois, and therefore is deemed to be a citizen of that state.  (Doc. 1, ¶ 7).  On June 30, 2004, defendant filed a Notice of Removal with this Court, pursuant to 28 U.S.C. § 1332 and § 1441, based on complete diversity of citizenship.  (Doc. 1).

In her Complaint, plaintiff states that she injured her back on June 27, 2003, while working within the scope of her employment with defendant. (Plaintiff's Complaint, ¶ 3). Shortly thereafter, plaintiff filed a claim for worker's compensation under the provisions of Chapter 4123 of the Ohio Revised Code. (*Id.* at ¶ 4). Plaintiff alleges that on December 18, 2003, defendant took punitive action against Plaintiff and terminated her employment in retaliation for filing her worker's compensation claim. (*Id.* at ¶ 5). Plaintiff filed a Complaint against defendant as a result of defendant's decision to discharge her and alleged three causes of action. Plaintiff argues that all three causes of action "arise from the Ohio Worker's Compensation Act" ["OWCA"], and therefore are non-removable pursuant to 28 U.S.C. § 1445(c). (*Id.).* Defendant, on the other hand, argues that some of plaintiff's claims arise under Ohio common law and that remand, therefore, is not mandated by 28 U.S.C. § 1445(c).

## OPINION

### A.

Title 28 U.S.C. § 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  At issue in this case is whether plaintiff's claims "arise" under Ohio's worker's compensation laws, so as to preclude removal to this court.  The part of the OWCA that the plaintiff cites is Ohio Rev.Code § 4123.90, which states, in pertinent part, that,

-2-

> [n]o employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim . . . under the workers' compensation act for an injury . . . which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common please court of the county of such employment in which the relief which may be granted shall be limited . . . .

Thus, plaintiff maintains that because the counts set forth in her Complaint arise under Ohio's worker's compensation laws, this Court is without jurisdiction to hear the matter. Not surprisingly, defendant argues that all three of plaintiff's claims arise under Ohio common law, rather than under Ohio statute, and therefore, plaintiff's Motion to Remand should be denied. Thus, the principal disagreement between the parties is whether plaintiff's claims for retaliatory discharge "arise under" Ohio's workers' compensation laws within the meaning of 28 U.S.C. § 1445(c). Because plaintiff relies on Ohio Rev. Code § 4123.90 for her relief entirely, all three claims do arise under Ohio's workers' compensation laws and the plaintiff's Motion to Remand is well taken.

## B.

Several courts have considered whether a plaintiff's claim for retaliatory discharge is a claim arising under a state's workers' compensation laws and have reached different conclusions regarding the matter. In *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir. 1994), one of the cases cited by the defendant in its brief, the United States Court of Appeals for the Seventh Circuit found that the Illinois tort of retaliatory discharge lacks the essential elements of a worker's

compensation law and therefore, the case was properly removed to federal court. Crucial to the Seventh Circuit's determination was the fact that the Illinois anti-retaliation *statute* failed to create a remedy available to the injured plaintiff, and it was not until 1978 when the Illinois Supreme Court decided *Kelsay v. Motorola Inc.*, 74 Ill.2d 172, 384 N.E.2d 353 (Ill. 1978) that such a remedy was *judicially* recognized as a common law tort. *Spearman*, 16 F.3d at 724-25. (emphasis added). The Seventh Circuit then determined that the case was properly removed to federal court because the "*Kelsay* tort" is a "fault-based regime with common law damages [and] is not a 'workmen's compensation law' no matter what the state calls it." *Spearman*, 16 F.3d at 725. To buttress this point even further, the Seventh Circuit declared that "Illinois does not believe that the *Kelsay* tort is a workers' compensation law. ... Later cases have emphasized that the Kelsay tort is distinct from the workers' compensation laws." *Id.* As a result, the court's decision in *Spearman* seems to be driven by the fact that the remedy available under Illinois law in a retaliatory discharge case was judicially created, rather than statutorily created, and the remedy, which based liability upon fault, was inconsistent with the limitation of remedies traditionally available under workers' compensation laws.

In contrast, the United States Court of Appeals for the Eighth Circuit in *Humphrey v. Sequentia Inc.*, 58 F.3d 1238 (8th Cir. 1995) held that for purposes of 28 U.S.C. § 1445(c), the plaintiff's claim for retaliatory discharge did, in fact, arise under the Missouri Workers' Compensation Act. In *Humphrey*, the defendant removed the action to federal court but the plaintiff sought to have the case remanded to state court. *Id.* at 1240. The district court, relying on *Spearman*, denied the plaintiff's motion and held that removal was proper. *Id.* at 1247. The Eighth Circuit reversed and held that the district court's reliance on *Spearman* was improper. *Id.* at 1245. The Eighth Circuit noted that the Seventh Circuit's decision in *Spearman* was based in large part upon the fact that the plaintiff's claim for retaliatory discharge was not authorized by statute but was recognized instead under the state's common law. *Id.* The Court explained the importance of this distinction:

> In *Spearman*, however, the Seventh Circuit specifically explained that the plaintiff's fault-based retaliatory discharge claim was not embodied in the Illinois statutory workers' compensation scheme, but rather derived from the state's common law. . . . Unlike the common law tort action brought by the plaintiff in *Spearman*, plaintiff's original state court action in the present case was brought pursuant to a state statute. (citation omitted). Because the Seventh Circuit was compelled by the fact that the Illinois cause of action for retaliatory discharge was excluded from the state's statutory scheme, 16 F.3d at 725, *Spearman* is not persuasive in the present case.

Finally, the United States Court of Appeals for the Fifth Circuit in *Trevino v. Ramos*, 197 F.3d 777 (5th Cir. 1999), rejected the defendant's argument that remand was improper.  The Court relied on the policy underlying the enactment of § 1445(c) in determining that the plaintiff's retaliation claim was not removable. The Court noted that Congress had declared compensation actions non-removable in an effort to control the growing flow of cases into already strained federal dockets.  The Court found that § 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Id.* at 781(citing *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)).  Thus, the Fifth Circuit found that there was a strong policy against removing workers' compensation cases to federal court.

## C.

Upon reading plaintiff's Complaint, the Court fails to see any meaningful difference among any of the three counts in plaintiff's Complaint.[1]  All three counts are only viable because of Ohio Rev. Code § 4123.90 which is an integral provision of the Ohio statutory workers compensation scheme and specifically limits the remedies available to plaintiff.  Defendant argues that at least some of plaintiff's claims arise under common law rather than under the OWCA.  In the defendant's Response in Opposition to Plaintiff's Motion to Remand, defendant argues that plaintiff, herself, acknowledged that some of her claims arose under common law when she mentioned in her motion to remand "*the common law claims* for wrongful discharge for pursuing a worker's compensation claim and discharge . . . ."  Defendant's Response in Opposition to Plaintiff's Motion to Remand, at 3 (emphasis in original).  Furthermore, defendant argues that plaintiff's decision to seek "the entire panoply of damages – back pay, attorney's fees, compensatory and punitive damages, which are available to her under Ohio common law," also demonstrate that her claims do not arise under the OWCA.

---

[1]

In Count I, plaintiff claims that "defendant took punitive action against and discharged plaintiff because she had filed and pursued a claim and instituted proceedings under the Workers' Compensation Act of Ohio for the aforesaid injuries which occurred in the course of and arose out of her employment with the defendant," and that such actions were in violation of Ohio Rev. Code § 4123.90.  (Plaintiff's Complaint, ¶¶ 5,6).  In Count II of her Complaint, plaintiff argues that Ohio Rev. Code § 4123.90 "codifies a public policy against employer retaliation for the filing, instituting, or pursuing of a workers' compensation claim by an employee," and that "plaintiff was wrongfully discharged in retaliation for her filing, instituting, and pursuing her workers' compensation claim."  (*Id.* at ¶¶ 9, 10).  Finally, in Count III of her Complaint, plaintiff alleges that "[o]n or about December 18, 2003 defendant discharged plaintiff solely on the basis of absenteeism or inability to work, when the absence or inability to work was directly related to the allowed conditions in plaintiff's workers' compensation claim and while she was receiving temporary disability pursuant to § 4123.56, Ohio Revised Code."  Furthermore, plaintiff claimed that the actions of defendant were "willful and wanton, and were taken in utter disregard of the rights of the plaintiff."  The essence of all three counts appears to be that the defendant acted in violation of Ohio Rev. Code.§ 4123.90 for terminating plaintiff in retaliation for her exercising her rights under the OWCA.

Defendant's argument must fail. First, as explained above and in footnote 1, the Court fails to see any meaningful difference among the three counts alleged by plaintiff in her Complaint. All three allege that she was fired in retaliation for exercising her rights under the OWCA, and that as a result, she is entitled to damages. Under Ohio Rev. Code § 4123.90, despite plaintiff's reference to a common law claim for wrongful discharge in her response to Defendant's Notice of Removal, the Court finds that all of the counts alleged in her Complaint are authorized under the OWCA and are only viable because of Ohio Rev. Code § 4123.90 and arise under the workers' compensation laws of Ohio. This Court prefers substance over form and will not deny plaintiff's Motion to Remand simply for referencing a common law claim where none exists. The claims alleged in this case are created by the statute.

Second, the defendant argues that based on the remedies sought by plaintiff, plaintiff's claims must necessarily arise under Ohio common law, and thus, are incapable of arising under the OWCA. Defendant argues that by seeking back pay, attorney's fees, and compensatory and punitive damages, plaintiff's claims must arise under common law since such remedies are not authorized under § 4123.90. (Defendant's Response in Opposition to Plaintiff's Motion to Remand, at 3). The Court agrees that plaintiff's damages are limited. The language of Ohio Rev. Code § 4123.90 explains the remedies and damages available to a plaintiff in a retaliatory discharge action:

> Any such employee may file an action in the common pleas court of the county of such employment in which the relief may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees.

Ohio Rev. Code § 4123.90. Ohio Rev. Code § 4123.90 provides the mechanism and the remedy and clearly limits an aggrieved plaintiff to reinstatement with back pay or lost wages, plus attorney's fees. As a result, defendant's argument that plaintiff seeks redress beyond the remedies provided for under Ohio Rev. Code § 4123.90 is not sufficient. It is not unusual for a plaintiff to claim more damages than are due. The Court notes that defendant points out this limitation on damages in its fifth affirmative defense.

D.

Defendant places great emphasis on *Hines v. Marriott Int'l, Inc.*, 246 F. Supp.2d 815 (N.D. Ohio 2003), *Thornton v. Denny's, Inc.*, 1993 U.S. App. LEXIS 10260 (6th Cir. 1993) (unreported), and *Obeid v. Meridian Automotive Sys.*, 296 F. Supp.2d 751 (E.D. Mich. 2003) in arguing that remand is unwarranted in this case.

In *Hines*, the plaintiff was injured during the scope of her employment with Marriott and filed a claim for worker's compensation benefits. 246 F. Supp.2d at 816. After Marriott terminated her benefits, Hines filed suit in state court, and defendant later sought to remove the case to federal court. *Id.* Plaintiff filed a motion to remand, arguing that removal was improper due to 28 U.S.C. § 1445(c), which specifically bars removal of cases arising under the worker's compensation laws of the state. *Id.* at 817. Like the Defendant *sub judice*, the defendant in *Hines* opposed the motion, stating that "because [Hines's] cause of action is founded on common law and has not been codified in Ohio's worker's compensation laws, it does not arise under Ohio's worker's compensation laws." *Id.*

Like this Court, the district court in *Hines* found very little case law on the subject and cited only three unpublished Sixth Circuit opinions.[2] As a result, the Court turned to decisions from other courts in order to resolve the issue. One decision that it found particularly helpful was *Thompson v. Cort Furniture Rental Corp.*, 797 F. Supp. 618 (W.D. Tenn. 1992), which the Court found had "carefully examined the issue in light of binding precedent and [rejected] the distinction between statutorily – and judicially – created remedies for retaliation connected with seeking worker's compensation benefits." In *Thompson*, the district court granted Plaintiff's Motion to Remand and listed a multitude of reasons for its decision. *Hines*, 246 F. Supp.2d at 818 (citing *Thompson*). Among those were that

[t]he plain language of section 1445(c), itself, which refers to actions

---

[2] *Snuggs v. Excel Mfg. of Kentucky, Inc.,* 1999 WL 623747 (6th Cir. Aug. 11, 1999); *Thornton v. Denny's Inc.*, 1999 WL 137078 (6th Cir. April 29, 1993); *Robinson v. Daugherty*, 1986 WL 16447 (6th Cir. Jan. 21 1986).

"arising under the workmen's compensation laws," makes no distinction between actions premised on common law and actions premised on statutory law.

\* \* \*

[t]he legislative history of section 1445(c) "makes plain why Congress acted. Congress found that '[i]n a number of States the workload of Federal courts has greatly increased because of the removal of workmen's compensation cases from the State courts to the Federal courts.' . . ."

\* \* \*

"the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court finds that the reasons set forth in *Thompson* weigh in favor of remanding this cause to state court. The *Hines* court also remanded its case to state court.

Next, the defendant cites *Thornton v. Denny's, Inc.*, 1993 LEXIS 10260 (6th Cir. April 29, 1993) in support of removal. However, as the Sixth Circuit made explicitly clear in *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 591 (6th Cir. 2001), unpublished opinions are never to be regarded as controlling. "[T]he district court mistakenly ruled that 'though unreported, I conclude that the court's opinion in *Fleming* is controlling, and requires that summary judgment be granted in defendant's favor . . . Contrary to this assertion, unpublished opinions are never controlling authority." *Id.* Thus, this Court is not bound by the Sixth Circuit's decision in *Thornton*. Furthermore, even if it were controlling, defendant's argument would still fail.

-11-

*Thornton* also involved a plaintiff's claim under Michigan law that he was fired in retaliation for filing a worker's compensation claim. 1993 LEXIS 10260 at 1. As defendant points out in its brief, the Sixth Circuit denied that Plaintiff's Motion to Remand the case to state court, stating that "[t]he worker's compensation statute provides neither the mechanisms nor the remedy for this type of suit. Consequently, the federal district court properly retained jurisdiction in this case because there is diversity of citizenship." Defendant's Response in Opposition to Plaintiff's Motion to Remand at 3. However, the sentence preceding this states, "[h]owever, we find that Thornton's claim does not arise under the *Michigan* worker's compensation law." *Thornton*, 1993 LEXIS 10260 at 5 (emphasis added). While Michigan's worker's compensation laws might not provide a remedy for retaliatory discharge, Ohio Rev. Code § 4123.90 does. Because *Thornton* is not controlling and because *Thornton* involved interpretation of the worker's compensation laws of Michigan, rather than Ohio, the Court finds defendant's reliance on *Thornton* misplaced. *Obeid v. Meridian Automotive Sys.*, 296 F. Supp.2d 751 (E.D. Mich. 2003), an opinion by the Eastern District of Michigan interpreting Michigan law, is unpersuasive for the same reasons.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand this action to state court (doc. no. 6) is **GRANTED.**  The case is **REMANDED** to the Hamilton County, Ohio, Court of Common Pleas.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
